### THE STATE v. WILLIAM DAVIS AND OTHERS.

A person elected by the inhabitants of a township, as surveyor of the highways, must take the oath, as prescribed by the statute, *Rev. Laws*, 344, *sec.* 19. If he neglects, or refuses to take such oath, he is not a competent and lawful officer to act in laying out a road, and a return ordered by the Court of Common Pleas, to be recorded, is liable to be set aside, if such incompetent person was one of those appointed, by that court, to view and examine the road.

*Gifford* moved to set aside and vacate the order of the Court of Common Pleas, for recording the return of a road because one of the surveyors of the highways appointed by that court, was not sworn according to law.

*W. Pennington* resisted the motion.

EWING, C. J. The oath of office taken by one of the surveyors of the highways appointed to lay out the road in question in this case, and who signed the return, is in these words: " I, S\*\*\*\*\* C\*\*\*\*\*, do solemnly swear, that I will perform the duties of surveyor of the highway for the township of Orange to the best of my skill and understanding, without favor or partiality."

The statute; *Rev. Laws*, 344, *sec.* 19, prescribes in words and at large, the form of the official oath of a surveyor of the highways; and enacts, *sec.* 21, that if any surveyor " shall not take and subscribe such oath or affirmation as aforesaid," the neglect shall be deemed a refusal to serve in such office.

In road cases, it has been repeatedly and uniformly held, in this court, that if the person elected by the township as a surveyor, has not strictly complied with these requisitions of the statute, he is not a competent and lawful officer to act in laying out a road ; and that a return ordered by the Court of Common Pleas to be recorded, is liable to be set aside, if such incompetent person was one of those appointed by that court to view and examine the road, for the reason that an appointment of the requisite number of lawful surveyors was not made.

The oath taken in the present case differs in divers respects from the prescribed form. And it is somewhat remarkable that with the plain and peremptory directions of the statute before the surveyor and justice, this deviation should have occurred. There is one departure from the direction of the statute which is vital. The oath is, that he will perform the duties of " Surveyor of the highway for the township of Orange." It

would be objection strong enough to say, as could not be controverted by the counsel arguing in support of the road, that this expression is equivocal. But take it in either sense, it is a material departure from the prescribed qualification. If it is meant as a description of office, it is wrong, for although elected to office by a particular township, he has no duties peculiar to that township, but is an officer for every other as much as for that in which he resides. If it is meant as a description of the duties he will perform, then it is also wrong, for he cannot limit them to a particular township, and within the scope of his appointment may be duties for every township in the county.

The oath of office prescribed by law, has not in the present case been taken, and the order of the court of Common Pleas for recording this return, ought to be vacated and set aside.

FORD, J. and DRAKE, J. concurred.

CITED in *State* v. *Ayres*, 3 Gr. 480 ; *State* v. *Hart*, 2 Harr. 186 ; *State* v. *Northrup*, 3 Harr. 275 ; *Perth Amboy ads. Smith*, 4 Harr. 56 ; *State* v. *Jersey City*, 4 Zab. 665.